1   COOLEY LLP
    MICHAEL G. RHODES (116127)
2   (rhodesmg@cooley.com)
    101 California Street, 5th Floor
3   San Francisco, CA 94111
    Telephone:  (415) 693-2000
4   Facsimile:   (415) 693-2222

5   MICHELLE C. DOOLIN (179445)
    (doolinmc@cooley.com)
6   DARCIE A. TILLY (239715)
    (dtilly@cooley.com)
7   ERIN E. GOODSELL (262967)
    (egoodsell@cooley.com)
8   4401 Eastgate Mall
    San Diego, CA  92121
9   Telephone:   (858) 550-6000
    Facsimile:   (858) 550-6420

10
    Attorneys for Defendant
11  CONDÉ NAST PUBLICATIONS

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    WESTERN DIVISION

16

17  BRIAN KING, individually and on          Case No. CV-12-00719 GHK
    behalf of all others similarly situated,
18                                           **CONDÉ NAST PUBLICATIONS'**
                 Plaintiff,                  **MEMORANDUM OF POINTS AND**
19                                           **AUTHORITIES IN SUPPORT OF ITS**
           v.                                **MOTION TO DISMISS PLAINTIFF'S**
20                                           **FIRST AMENDED CLASS ACTION**
    CONDÉ NAST PUBLICATIONS, a               **COMPLAINT PURSUANT TO**
21  Delaware corporation,                    **F.R.C.P. 12(b)(6) & 12(b)(1)**

22               Defendant.                  Hearing Date:   October 29, 2012
                                             Hearing Time:   9:30 a.m.
23                                           Courtroom:      Roybal – 650

24                                           Removed:  January 26, 2012

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

# Table of Contents

**Page**

I. INTRODUCTION ...................................................................................... 1

II. BACKGROUND AND PROCEDURAL HISTORY .................................. 2

    A. Shine the Light Law ............................................................................ 2

    B. The Court Dismissed Plaintiff's Original Complaint And Plaintiff Filed A Virtually-Identical FAC .............................................. 4

III. LEGAL STANDARDS ............................................................................. 7

    A. Federal Rule of Civil Procedure 12(b)(6) ........................................ 7

    B. Federal Rule of Civil Procedure 12(b)(1) ........................................ 7

    C. Principles of Statutory Construction ................................................. 8

IV. PLAINTIFF'S FAC SHOULD BE DISMISSED WITH PREJUDICE FOR FAILING TO CURE THE DEFICIENCIES IDENTIFIED IN THE COURT'S ORDER DISMISSING THE ORIGINAL COMPLAINT ........................................................................................... 9

V. PLAINTIFF'S FAC SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) FOR LACK OF STATUTORY STANDING AND A FAILURE TO PLEAD A CLAIM FOR RELIEF ........................................ 10

    A. Plaintiff Has Not Pled an "Injury" and Consequently Has No Statutory Standing ....................................................................... 10

        1. Plaintiff cannot demonstrate economic injury based on dilution of the value of his personal information ....................... 10

        2. Plaintiff's "benefit of the subscription" injury theory fails ...... 13

        3. Plaintiff's purported "informational injury" theory fails ........ 13

    B. Plaintiff Fails to State a Claim Because He Failed to Allege Facts Regarding Each of Shine the Light's Elements ....................... 17

        1. Plaintiff fails to state a claim because he alleged no facts demonstrating he was unable to opt-out of information sharing .......................................................................................... 17

        2. Plaintiff fails to state a claim because he has not alleged facts demonstrating that Condé Nast failed to provide contact information to Plaintiff ............................................... 18

        3. Plaintiff failed to state a claim for a Shine the Light violation because he has not alleged facts supporting the element of damage nor the element of causation ..................... 19

    C. Plaintiff's Unfair Competition Claim Must Be Dismissed ................ 20

        1. Plaintiff lacks standing under the UCL because he has not pled injury in fact or lost money or property .......................... 20

        2. Plaintiff has not pled unlawful, unfair or fraudulent conduct .......................................................................................... 22

VI. PLAINTIFF'S LACK OF INJURY ALSO ELIMINATES ARTICLE III STANDING ...................................................................... 22

**Table of Contents**
**(continued)**

Page

VII.   CONCLUSION ............................................................................................... 25

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Absher v. AutoZone, Inc.,*
 78 Cal. Rptr. 3d 817, 164 Cal. App. 4th 332 (2008) ......................................... 16

*Amburgy v. Express Scripts Inc.,*
 671 F. Supp. 2d 1046 (E.D. Mo. 2009) ............................................................ 21

*In re Anderson,*
 824 F.2d 754 (9th Cir. 1987) ............................................................................ 8

*Animal Legal Def. Fund v. Mendes,*
 72 Cal. Rptr. 3d 553, 160 Cal. App. 4th 136 (2008) ......................................... 13

*Ascon Props., Inc. v. Mobil Oil Co.,*
 866 F.2d 1149 (9th Cir. 1989) .......................................................................... 9

*Ashcroft v. Iqbal,*
 129 S. Ct. 1937, 173 L. Ed. 2d 868, 556 U.S. 662 (2009) ............................. 7, 18

*Baxter v. Rodale, Inc.,*
 C.D. Cal. Case No. CV 12-00585 GAF, Dkt. No. 42 (Aug. 29, 2012) ............. 14

*Bell Atl. Corp. v. Twombly,*
 127 S. Ct. 1955, 167 L. Ed. 2d 929, 550 U.S. 544 (2007) ................................ 7

*Bell v. City of Kellogg,*
 922 F.2d 1418 (9th Cir. 1991) .......................................................................... 25

*Birdsong v. Apple, Inc.,*
 590 F.3d 955 (9th Cir. 2009) .................................................................. 9, 13, 15

*Boorstein v. Men's Journal, LLC,*
 No. CV 12-771 DSF (Ex), 2012 WL 2152815 (C.D. Cal. June 14, 2012)
 ("*Boorstein I*") ..................................................................................... passim

*Boorstein v. Men's Journal, LLC,*
 No. CV 12-771 DSF (Ex), 2012 WL 3791701 (C.D. Cal. Aug. 17, 2012)
 ("*Boorstein II*") ..................................................................................... 1, 4, 25

*Cal. Ass'n of Psychology Providers v. Rank,*
 270 Cal. Rptr. 796, 51 Cal. 3d 1 (1990) ............................................................ 8

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

*Cal. Teachers Ass'n v. Governing Bd. of Rialto Unified Sch. Dist.*,
   59 Cal. Rptr. 2d 671, 14 Cal. 4th 627 (1997) ..................................................... 8

*Clark v. Countrywide Home Loans, Inc.*,
   732 F. Supp. 2d 1038 (E.D. Cal. 2010) ............................................................ 22

*In re Doubleclick Inc. Privacy Litigation*,
   154 F. Supp. 2d 497 (S.D.N.Y. 2001) .............................................................. 11

*Dwyer v. Am. Express Co.*,
   210 Ill. Dec. 375, 273 Ill. App. 3d 742 (1995) ................................................ 12

*In re Facebook Privacy Litig.*,
   791 F. Supp. 2d 705 (N.D. Cal. 2011) .............................................................. 21

*Folgelstrom v. Lamps Plus, Inc.*,
   125 Cal. Rptr. 3d 260, 195 Cal. App. 4th 986 (2011) ..................... 12, 13, 21, 22

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   120 S. Ct. 693, 145 L. Ed. 2d 610, 528 U.S. 167 (2000) ................................. 23

*In re Google Inc. St. View Elec. Commc'ns Litig.*,
   794 F. Supp. 2d 1067 (N.D. Cal. 2011) ............................................................ 21

*Hall v. Time Inc.*,
   70 Cal. Rptr. 3d 466, 158 Cal. App. 4th 847 (2008) ........................................ 15

*In re iPhone Application Litig.*,
   No. 11-MD-02250-LHK, 2011 WL 4403963 ................................................... 25

*In re JetBlue Airways Corp. Privacy Litig.*,
   379 F. Supp. 2d 299 (E.D.N.Y. 2005) ......................................................... 12, 21

*Kobzoff v. L.A. Cnty. Harbor/UCLA Med. Ctr.*,
   80 Cal. Rptr. 2d 803, 19 Cal. 4th 851 (1998) .................................................... 8

*Korea Supply Co. v. Lockheed Martin Corp.*,
   131 Cal. Rptr. 2d 29, 29 Cal. 4th 1134 (2003) ................................................ 22

*Kwikset Corp. v. Superior Court*,
   120 Cal. Rptr. 3d 741, 51 Cal. 4th 310 (2011) ........................................... 20, 21

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iv.

**MEMORANDUM OF Ps AND As ISO MOTION TO DISMISS**
**CASE NO. CV-12-00719 GHK**

*LaCourt v. Specific Media, Inc.*,
   No. SACV 10-1256-GW(JCGx), 2011 WL 2473399 (C.D. Cal. Apr. 28,
   2011) ................................................................................................ 11, 19, 24

*Lerner v. Sartori*,
   No. 98-1989-PHK-EHC, 1999 WL 730366 (D. Ariz. Mar. 25, 1999) ............. 22

*Lewis v. Casey*,
   116 S. Ct. 2174, 135 L. Ed. 2d 606, 518 U.S. 343 (1996) ................................ 23

*Lujan v. Defenders of Wildlife*,
   112 S. Ct. 2130, 119 L. Ed. 2d 351, 504 U.S. 555 (1992) ............................ 8, 21

*Meyer v. Sprint Spectrum L.P.*,
   88 Cal. Rptr. 3d 859, 45 Cal. 4th 634 (2009) .................................................... 19

*Murray v. Time Inc.*,
   No. C 12-00431 JSW, 2012 WL 3634387 (N.D. Cal. Aug. 24, 2012) ............. 14

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ............................................................................... 7

*People v. Jefferson*,
   86 Cal. Rptr. 2d 893, 21 Cal. 4th 86 (1999) ........................................................ 8

*Potter v. Hughes*,
   546 F.3d 1051 (9th Cir. 2008) ........................................................................... 23

*In re Silicon Graphics Inc. Secs. Litig.*,
   183 F.3d 970 (9th Cir. 1999) ............................................................................... 9

*Steel Co. v. Citizens for a Better Env't.*,
   118 S. Ct. 1003, 140 L. Ed. 2d 210, 523 U.S. 83 (1998) ............................. 7, 23

*Steinberg v. CVS Caremark Corp.*,
   Civil Action No. 11-2428, 2012 WL 507807 (E.D. Pa. Feb. 16, 2012) ........... 11

*Surrey v. TrueBeginnings, LLC*,
   85 Cal. Rptr. 3d 443, 168 Cal. App. 4th 414 (2008) ......................................... 10

*Thompson v. Home Depot, Inc.*,
   No. 07cv1058 IEG, 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007) ................... 21

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

v.

MEMORANDUM OF Ps AND As ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

*Times Mirror Co. v. Superior Court*,
　283 Cal. Rptr. 893, 53 Cal. 3d 1325 (1991) ...................................................... 16

*Troyk v. Farmers Grp., Inc.*,
　90 Cal. Rptr. 3d 589, 171 Cal. App. 4th 1305 (2009) ......................................... 21

*United States ex rel. Chunie v. Ringrose*,
　788 F.2d 638 (9th Cir. 1986) .............................................................................. 18

*Valley Vista Servs., Inc. v. City of Monterey Park*,
　13 Cal. Rptr. 3d 433, 118 Cal. App. 4th 881 (2004) ........................................... 8

*In re Vantive Corp. Secs. Litig.*,
　283 F.3d 1079 (9th Cir. 2002) ............................................................................. 9

*Walker v. GEICO Gen. Ins. Co.*,
　558 F.3d 1025 (9th Cir. 2009) ............................................................................ 20

*Whitmore v. Arkansas*,
　110 S. Ct. 1717, 109 L. Ed. 2d 135, 495 U.S. 149 (1990) ................................. 23

*Wilderness Society Inc. v. Rey*,
　622 F.3d 1251 (9th Cir. 2010) ............................................................................ 14

*Wolf v. CDS Devco*,
　110 Cal. Rptr. 3d 850, 185 Cal. App. 4th 903 (2010) ........................................ 15

*Zucco Partners, LLC v. Digimarc Corp.*,
　552 F.3d 981 (9th Cir. 2009) ............................................................................... 9

**STATUTES**

28 U.S.C.
　§ 1447(c) ............................................................................................................. 25

Cal. Bus. & Prof. Code
　§ 17200 ............................................................................................................... 22

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

vi.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

Cal. Civ. Code
   § 1798.83(a)...............................................................................................17
   § 1798.83(a), (c)(1)........................................................................................2
   § 1798.83(a), (e)(5).......................................................................................6
   § 1798.83(b)................................................................................................17
   § 1798.83(b)(1)......................................................................................passim
   § 1798.83(b)(1)(A)........................................................................................18
   § 1798.83(b)(1)(A)..................................................................................3, 4, 18
   § 1798.83(b)(1)(A), (C).................................................................................5
   § 1798.83(c)(2)............................................................................................17
   § 1798.84(b)................................................................................................25
   § 1798.84(b)................................................................................................19
   § 1798.84(b)................................................................................................15
   § 1798.84(b)..................................................................................................4
   § 1798.84(c)..................................................................................................4
   § 1798.84(c), (e), (h).......................................................................................4

California Civil Code
   § 1798.84(d)................................................................................................16

## OTHER AUTHORITIES

Federal Rule of Civil Procedure
   12(b)(1).................................................................................................7, 25
   12(b)(6)............................................................................................7, 10, 25

Senate Bill 27......................................................................................................2

Article III of the United States Constitution......................................................passim

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

vii.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

## I.   INTRODUCTION.

Substantively, the First Amended Class Action Complaint ("FAC") is identical to the original complaint this Court already dismissed.  Although Plaintiff made cosmetic changes regarding his claims under California's Shine the Light ("STL") law, the facts Plaintiff offers are unchanged.  As Judge Dale Fischer noted last month when dismissing with prejudice an amended complaint that was filed by the same attorneys as Plaintiff's attorneys and asserted the same STL violations asserted here, "[t]he [amended complaint] is virtually identical to the [dismissed complaint], and it appears that Plaintiff does not even attempt to cure the defects identified in the Court's Order dismissing the [dismissed complaint]. . . . The Court concludes that leave to amend would be futile."  *Boorstein v. Men's Journal, LLC*, No. CV 12-771 DSF (Ex), 2012 WL 3791701, at *1 (C.D. Cal. Aug. 17, 2012) ("*Boorstein II*").  Here, Plaintiff's bid to represent a nationwide class against Condé Nast Publications ("Condé Nast") for alleged STL violations should be stopped short—without leave to amend—for the following reasons.

*First*, Plaintiff failed to cure the deficiencies identified by the Court in its August 3, 2012 Order dismissing Plaintiff's original complaint.  (*See* Dkt. No. 30 ("Order").)  His failure to plead new facts fatally undermines his FAC.

*Second*, as in his original complaint, Plaintiff failed to plead economic injury or that he made or wanted to make a STL request.  Consequently, he again failed to plead that he suffered an injury caused by a STL violation.  This precludes him from having statutory standing.

*Third*, even if Plaintiff had sufficiently alleged standing, he failed to state a claim because he failed to allege facts sufficient to show that Condé Nast does not disclose how to make a STL inquiry using one of the three options available under STL, or that Condé Nast did not adopt a policy allowing customers to choose whether their data was shared or not.  He also failed to allege he suffered damage caused by Condé Nast, which is required to state a STL claim.

*Fourth*, Plaintiff's claim under California's Unfair Competition Law ("UCL") fails because he has not alleged unlawful, unfair, or fraudulent conduct, and because he has not suffered injury-in-fact and lost money or property.

*Fifth*, because Plaintiff failed to plead injury, he lacks Article III standing.

For all these reasons, described more fully below, Plaintiff's FAC should be dismissed with prejudice.

## II.   BACKGROUND AND PROCEDURAL HISTORY.

### A.   Shine the Light Law.

California's Shine the Light law[1] applies to any business with more than twenty employees that "has an established business relationship with a customer and has within the immediately preceding calendar year disclosed personal information . . . to third parties . . . [whom] the business knows or reasonably should know . . . used the personal information for the third parties' direct marketing purposes . . . ." Cal. Civ. Code § 1798.83(a), (c)(1). Such covered businesses must, "after the receipt of a . . . request from [a] customer, provide all of the following information to the customer free of charge: (1) . . . a list of the categories . . . [of] personal information disclosed by the business to third parties for the third parties' direct marketing purposes during the immediately preceding calendar year. (2) . . . the names and addresses of all of the third parties that received personal information from the business . . . ." *Id.* at § 1798.83(a)(1)-(2). "The response to a request pursuant to this section . . . shall be provided within 30 days." *Id.* at § 1798.83(b); (*but see* Order at p. 2 n.1).

To give customers a central location for sending STL inquiries, covered businesses "shall designate a mailing address, electronic mail address, or, if the

---

[1] The STL law was introduced into the California Senate as Senate Bill 27 in December 2002, the California Legislature and Governor approved STL in 2003, and it took effect on January 1, 2005. (*See* Defendant Condé Nast's Request for Judicial Notice ("Def's RJN"), Ex. A at 8 (Senate Final History of S.B. 27); *id.* at 9 (Senate Bill No. 27, Chapter 505).)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

business chooses to receive requests by telephone or facsimile, a toll-free telephone or facsimile number, to which customers may deliver requests . . . ."  Cal. Civ. Code § 1798.83(b)(1).  Businesses can utilize one of three options for making that contact information available to customers:

1.  <u>Employee Training</u>: "Notify all agents and managers who directly supervise employees who regularly have contact with customers of the designated addresses or numbers or the means to obtain those addresses or numbers and instruct those employees that customers who inquire about the business's privacy practices or the business's compliance with this section shall be informed of the designated addresses or numbers or the means to obtain the addresses or numbers."  Cal. Civ. Code § 1798.83(b)(1)(A); <u>or</u>

2.  <u>Website Publication</u>: "Add to the home page of its Web site a link either to a page titled 'Your Privacy Rights' or add the words 'Your Privacy Rights' to the home page's link to the business's privacy policy . . . . The first page of the link . . . shall provide the designated mailing address, e-mail address, as required, or toll-free telephone number or facsimile number . . . ."  *Id.* at § 1798.83(b)(1)(B); <u>or</u>

3.  <u>Places of Business</u>: "Make the designated addresses or numbers, or means to obtain the designated addresses or numbers, readily available upon request of a customer at every place of business in California where the business or its agents regularly have contact with customers."  *Id.* at § 1798.83(b)(1)(C).

As an alternative to responding to requests seeking disclosure of a business's data-sharing practices, a business may comply with STL "by notifying the customer of his or her right to prevent disclosure of personal information, and providing the customer with a cost-free means to exercise that right."  *Id.* § 1798.83(c)(2).  To exercise this option the business must "adopt[] and disclose[] to the public, in its privacy policy, a policy of not disclosing personal information of customers to third parties for the third parties' direct marketing purposes unless the customer" either

Cooley LLP
Attorneys At Law
San Diego

1   opts-in to such sharing, or the customer has declined to opt-out of such sharing.  *Id.*

2       STL does not place any substantive limit on a business's information-sharing

3   practices: "Nothing in this act is intended to impose, and this act may not be

4   construed to impose, any prohibition or requirement upon, restraint of, or

5   prerequisite to, a business disclosing or exchanging personal information to third

6   parties, including affiliated parties, for any lawful purpose, including direct

7   marketing purposes."[2]

8       STL includes a remedy provision.  That provision permits a plaintiff to sue if

9   he establishes four elements: (1) plaintiff is an injured customer; (2) defendant

10  violated the statute; (3) the violation caused plaintiff's injury; and (4) damages.

11  Cal. Civ. Code § 1798.84(b) ("Any customer injured by a violation of this title may

12  institute a civil action to recover damages."); (*see* Order at pp. 2-3).  If a plaintiff

13  meets these elements, the plaintiff may, "[i]n addition," recover a civil penalty of

14  up to $500, or $3,000 for a "willful, intentional, or reckless violation."  Cal. Civ.

15  Code § 1798.84(c); *see also Boorstein I*, 2012 WL 2152815, at *3 ("[T]he STL law

16  does not allow a cause of action based solely upon a failure to comply with the

17  statute."); *Boorstein II*, 2012 WL 3791701, at *1 ("[A] statutory injury is required

18  for Plaintiff to sue for civil penalties and injunctive relief." (citing Cal. Civ. Code

19  § 1798.84(c), (e), (h))).

20      **B.    The Court Dismissed Plaintiff's Original Complaint And Plaintiff**
        **Filed A Virtually-Identical FAC.**
21

22      On December 22, 2011, Plaintiff sued Condé Nast in Los Angeles Superior

23  Court alleging causes of action for violations of California's STL and UCL.

24  Plaintiff alleged in his original complaint that, in April 2010, he signed up for a

25  one-year subscription to WIRED, a magazine owned, operated, and published by

---

26  [2] (Def's RJN, Ex. A at 10.)  (*See also* Order at p. 3 ("In sum, '[t]he STL law does

27  not make sharing consumer marketing information with third parties unlawful.'"
    (quoting *Boorstein v. Men's Journal, LLC*, No. CV 12-771 DSF (Ex), 2012 WL

28  2152815, at *1 (C.D. Cal. June 14, 2012) ("*Boorstein I*")).)

Condé Nast. (Compl., ¶37.) He alleged that at the time of his subscription, he provided personal information to Condé Nast, that he "has visited both www.condenast.com and www.wired.com," and that he used Condé Nast "primarily for personal, family, and household purposes." (*Id.*, ¶¶38-39.)

Plaintiff did not allege that he made a request under STL, or even that he ever wanted to make a request. Plaintiff did not allege that he ever viewed Condé Nast's privacy policy or that he searched for, but was unable to find, information related to his STL rights or contact information to which he could send an inquiry for STL disclosures. He further failed to allege that he attempted to contact Condé Nast's Privacy Policy Coordinator or customer service department to ask how to request STL disclosures. He also failed to allege that he ever wanted to know what Condé Nast did or does with his personal information or preclude Condé Nast from sharing his information, or that he would have altered his behavior had he learned and disapproved of Condé Nast's information-sharing practices.

Nonetheless, Plaintiff claimed Condé Nast violated STL by failing to provide on its website a contact point where he could make a STL request. (Compl., ¶54; *see id.*, ¶¶55, 57.) Plaintiff provided no factual allegations regarding Condé Nast's efforts to notify its agents or managers or make information available in its places of business in California. *See* Cal. Civ. Code § 1798.83(b)(1)(A), (C). In addition to asserting a STL claim, in his original complaint Plaintiff alleged that Condé Nast violated California's UCL. (*Id.*, ¶¶61-66.) Plaintiff's UCL claim depended on the alleged STL violation. (*Id.*, ¶64.) To support both his STL and UCL claims, Plaintiff claimed "Condé Nast has diluted the value of Plaintiff's . . . personal property, and deprived [him] of the opportunity to sell [his] personal property for [his] own financial gain." (*Id.*, ¶¶55, 65.)

On August 3, 2012, the Court issued an Order granting Condé Nast's motion to dismiss with leave to amend, in which it referenced a recent ruling that dismissed a complaint filed by the same law firm as the firm representing Plaintiff and that

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

MEMORANDUM OF Ps AND As iso MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

contained nearly identical STL violations.  (Order at p. 3 (citing *Boorstein I*, 2012 WL 2152815, at *1).)   In holding that Plaintiff had not pled sufficient facts to support statutory standing, the Court agreed with *Boorstein I* that "the alleged dilution of the value of the plaintiff's personal information was not caused by the defendant's alleged STL violation and, therefore, the purported economic injury could not provide the plaintiff with statutory standing." (*Id.* at 4 (citing *Boorstein I*, 2012 WL 2152815, at *2).)   In rejecting Plaintiff's claim for statutory standing based on an informational injury the Court agreed with *Boorstein I*, holding: (1) Plaintiff's failure to plead "'he requested information and was denied, [or] that he would have requested information had he been provided with the proper contact information,'" precluded him from establishing an informational injury, and (2) "'STL law's requirements are not designed to ensure that consumers have access to contact information for its own sake, and thus the failure to provide that information inflicts merely a procedural injury.'" (*Id.* at 5 (quoting *Boorstein I*, 2012 WL 2152815, at *3-4).)   With respect to Plaintiff's UCL claim, the Court found the facts pled to be insufficient because "Plaintiff has failed to allege that he suffered an economic injury as a result of any such [STL] violation." (*Id.* at 6.)

    In filing his FAC, Plaintiff appears to have ignored the Court's August 3 Order, as the factual allegations in the FAC are virtually identical to those in the original complaint.  (*See* Declaration of Michelle C. Doolin ("Doolin Decl."), Ex. A (redline comparing original complaint to FAC).)   Plaintiff only added one new assertion to address this Court's prior finding of a lack of statutory standing.[3] Plaintiff claims that "because Defendant did not provide legally required privacy disclosures under § 1798.83(b)(1), Plaintiff and the Class did not receive the full

---

[3] Plaintiff also alleged Condé Nast made changes to its website after the lawsuit was filed. (FAC, ¶37.)  Among other reasons, this claim is irrelevant to this motion because Plaintiff alleged his WIRED subscription ended in April 2011. (*Id.*, ¶41.) STL only applies to an "established business relationship" that has "not been expressly terminated by the business or the customer." Cal. Civ. Code § 1798.83(a), (e)(5).

value of the services paid for." (FAC, ¶68.)  As discussed below, this allegation is incapable of overcoming the original complaint's deficiencies because it, like the majority of Plaintiff's allegations, lacks any factual support.

## III.  LEGAL STANDARDS.

### A.  Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) requires dismissal when a plaintiff has either failed to present a cognizable legal theory or to allege sufficient facts supporting a cognizable legal theory.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Although a court resolving a motion to dismiss under Rule 12(b)(6) must accept as true "all material allegations of the complaint," *id.* (citation omitted), it need not accept "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 550 U.S. 544, 555 (2007) (citation omitted).  A court must identify and disregard unreasonable inferences, unwarranted deductions of fact, or legal characterizations in the complaint.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 556 U.S. 662, 678-79 (2009).

After accepting the well-pled allegations, a court then determines whether a complaint alleges a "plausible" claim to relief.  *Iqbal*, 556 U.S. at 678-79.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### B.  Federal Rule of Civil Procedure 12(b)(1).

Rule 12(b)(1) requires dismissal where a plaintiff has not established standing to sue under Article III of the United States Constitution. *See Steel Co. v.*

1   *Citizens for a Better Env't.*, 118 S. Ct. 1003, 140 L. Ed. 2d 210, 523 U.S. 83, 102

2   (1998).  A plaintiff bears the burden of alleging facts sufficient to establish (1) an

3   injury in fact, (2) that the injury was caused by the challenged conduct, and (3) that

4   a favorable decision will redress the injury.  *Lujan v. Defenders of Wildlife*, 112 S.

5   Ct. 2130, 119 L. Ed. 2d 351, 504 U.S. 555, 560-61 (1992).

6           **C.    Principles of Statutory Construction.**

7           A federal court applies California rules of construction in interpreting a

8   California state statute.  *In re Anderson*, 824 F.2d 754, 756 (9th Cir. 1987).  Under

9   California law, in construing a statute, a court ascertains the Legislature's intent to

10  effectuate the statute's purpose.  *Kobzoff v. L.A. Cnty. Harbor/UCLA Med. Ctr.*, 80

11  Cal. Rptr. 2d 803, 19 Cal. 4th 851, 860-61 (1998).  The court first looks to the

12  statute's words, giving undefined terms their usual and ordinary meaning.  *Id.* at

13  861.  The statute's words must be construed in context, and the statute and its parts

14  must be read in their entirety and not as independent parts with no relation to one

15  another.  *Valley Vista Servs., Inc. v. City of Monterey Park*, 13 Cal. Rptr. 3d 433,

16  118 Cal. App. 4th 881, 889 (2004).  The statute's plain meaning controls the

17  interpretation unless the statute's words are ambiguous.  *Kobzoff*, 19 Cal. 4th at

18  861.  If the statute's plain meaning is unambiguous, "no court need, or should, go

19  beyond that pure expression of legislative intent."  *Id.* (citation omitted); *see Cal.*

20  *Teachers Ass'n v. Governing Bd. of Rialto Unified Sch. Dist.*, 59 Cal. Rptr. 2d 671,

21  14 Cal. 4th 627, 633 (1997) ("This court has no power to rewrite the statute so as to

22  make it conform to a presumed intention which is not expressed." (citations and

23  internal quotation marks omitted)).

24          If, on the other hand, the statute's language is ambiguous or susceptible to

25  more than one reasonable interpretation, the court may turn to extrinsic aids to

26  assist in interpretation.  *People v. Jefferson*, 86 Cal. Rptr. 2d 893, 21 Cal. 4th 86, 94

27  (1999).  This includes the legislative history of the statute at issue.  *Id.*; *Cal. Ass'n*

28  *of Psychology Providers v. Rank*, 270 Cal. Rptr. 796, 51 Cal. 3d 1, 16-17 (1990).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

**IV.   PLAINTIFF'S FAC SHOULD BE DISMISSED WITH PREJUDICE FOR FAILING TO CURE THE DEFICIENCIES IDENTIFIED IN THE COURT'S ORDER DISMISSING THE ORIGINAL COMPLAINT.**

A plaintiff's inability to plead additional facts to cure defects in a complaint is grounds for dismissal. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal with prejudice and noting that plaintiff's failure to correct the deficiencies in the complaint was "a strong indication that the plaintiffs have no additional facts to plead" (citation and internal quotation marks omitted)).   Further, a plaintiff's failed attempt to re-plead shows that amendment would be futile and supports a dismissal with prejudice. *See In re Vantive Corp. Secs. Litig.*, 283 F.3d 1079, 1097-98 (9th Cir. 2002) (concluding plaintiffs' failed attempts to re-plead supported district court's discretion to conclude that amendment would be futile), *abrogated on other grounds as recognized by Gebhart v. SEC*, 595 F.3d 1034, 1041 (9th Cir. 2010); *accord In re Silicon Graphics Inc. Secs. Litig.*, 183 F.3d 970, 991 (9th Cir. 1999), *superceded by statute on other grounds*; *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160-61 (9th Cir. 1989).

Here, the FAC does not offer a single new, well-pled factual allegation regarding Plaintiff's purported injury. (*See* Doolin Decl., Ex. A.)   The only new matter related to Plaintiff's purported injury is an untenable theory.   The FAC newly claims that "because Defendant did not provide legally required privacy disclosures under § 1798.83(b)(1), Plaintiff and the Class did not receive the full value of the services paid for."  (FAC, ¶68.)  Yet, this exact theory was rejected in *Boorstein I* for the same reason it should be rejected here—it contains no factual support: "Plaintiff does not claim that Defendant promised compliance with § 1798.83 as part of his subscription, nor does he claim that he reasonably expected that Defendant would do so.   Absent either claim, there is no economic harm." *Boorstein I*, 2012 WL 2152815, at *4-5; *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009) (rejecting economic harm theory in an analogous UCL

context because the plaintiffs "[had] not alleged that they were deprived of an agreed-upon benefit").

The Court, as it was bound to do, construed the original complaint's factual allegations "in the light most favorable to the plaintiff" and found those allegations "fail[ed] to allege a cognizable injury." (Order at pp. 2, 6.) Because the FAC does not offer facts to change this result, it must be dismissed with prejudice.

## V. PLAINTIFF'S FAC SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) FOR LACK OF STATUTORY STANDING AND A FAILURE TO PLEAD A CLAIM FOR RELIEF.

Although the Court need not go further than addressing Plaintiff's failure to plead new facts, analysis of the FAC confirms that deficiencies in the FAC abound. Plaintiff's FAC continues to rely on a fundamental misinterpretation of STL, which precludes Plaintiff from pleading facts sufficient to establish he has standing. And, even if the Court were to accept Plaintiff's injury allegations, he still fails to state a claim because he has not alleged all of the required elements of a STL claim.

### A. Plaintiff Has Not Pled an "Injury" and Consequently Has No Statutory Standing.

As Condé Nast explained in moving to dismiss Plaintiff's original complaint, California imposes standing restrictions on who can bring suit for alleged statutory violations to ensure that the person leading the litigation has "a special interest that is greater than the interest of the public at large and that is concrete and actual rather than conjectural or hypothetical." *Surrey v. TrueBeginnings, LLC*, 85 Cal. Rptr. 3d 443, 168 Cal. App. 4th 414, 417-18 (2008) (citations omitted). None of Plaintiff's three bases for establishing statutory standing are sufficient to establish that his injury is anything more than conjectural or hypothetical.

### 1. Plaintiff cannot demonstrate economic injury based on dilution of the value of his personal information.

The FAC continues to devote significant space to allegations and background material about the supposed "personal information market" and the allegedly

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

diluted value of Plaintiff's personal information.  (*See, e.g.*, FAC, ¶¶15-21, 67, 75.) <u>The Court has already rejected this argument.</u>  As the Court held, STL does not prohibit businesses from selling personal information, nor does it require businesses to disclose what they might do with personal information in the future.  (Order at pp. 3-4.)  Because of this, the Court concluded that "the alleged dilution of the value of the [P]laintiff's personal information was not <u>caused by</u> the defendant's alleged STL violation and, therefore, the purported economic injury could not provide the plaintiff with statutory standing."  (Order at p. 4 (emphasis added).)  Plaintiff has pled no additional facts that can salvage this theory of injury.

Further, even if the Court were to reverse its earlier conclusion that Plaintiff had not pled a causal connection between Condé Nast's conduct and the value of his personal information, it should still reject Plaintiff's economic injury arguments for several reasons.

To start, Plaintiff's allegation that his personal information had "value" to him lacks support.  (FAC, ¶67; *see id.*, at ¶¶15-21.)  Courts have rejected similar claims that personal information has value to individual consumers simply because it may have value to marketers.  *See In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 525 (S.D.N.Y. 2001) (dismissing complaint and noting that "although demographic information is valued highly . . . the value of its collection has never been considered a[n] economic loss to the subject"); *Steinberg v. CVS Caremark Corp.*, Civil Action No. 11-2428, 2012 WL 507807, at *8 (E.D. Pa. Feb. 16, 2012) (dismissing complaint because collection and sale of personal information "does not carry a compensable value to consumers, and cannot sustain a finding of injury without a specific showing that the plaintiff has sustained a resulting loss"); *LaCourt v. Specific Media, Inc.*, No. SACV 10-1256-GW(JCGx), 2011 WL 2473399, at *4-5 (C.D. Cal. Apr. 28, 2011) (dismissing case alleging defendants tracked plaintiff's internet use and circumvented privacy controls on the basis that abstract concepts such as "opportunity costs," "value-for-value

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

exchanges," and "consumer choice" did not constitute economic injury or harm).[4]

Moreover, even if Plaintiff could state a claim based on Condé Nast's alleged sale of his information to third parties, his claim would fail because he has not alleged how that sale "diluted" the value of his personal information.  In fact, courts have concluded that the value of personal information is not diminished by sale. *Folgelstrom v. Lamps Plus, Inc.*, 125 Cal. Rptr. 3d 260, 195 Cal. App. 4th 986, 994 (2011) ("The fact that the address had value to Lamps Plus, such that the retailer paid Experian a license fee for its use, does not mean that its value to plaintiff was diminished in any way.").

Just as significantly, Plaintiff's suggestion that he could somehow "sell" his personal information lacks any factual support.  Plaintiff has not adequately alleged the existence of a "market" for his personal information.  Plaintiff cites a New York Times article for the proposition that "companies now offer individuals the opportunity to sell their personal information themselves."  (FAC, ¶20 & n.6.)  Yet this contention is <u>contradicted</u> by the very article that Plaintiff cites.  That article only suggests that, in a "<u>few years</u>," a person's "profile of interests could be the basis for micropayments or discounts."[5]   Absent any allegations of an actual currently existing market for his personal information or an actual lost opportunity, Plaintiff's economic injury allegations simply do not carry his claim from the

---

[4] *Accord In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005) ("It strains credulity to believe that [a data mining company] would have gone to each individual JetBlue passenger and compensated him or her for access to his or her personal information.  There is likewise no support for the proposition that an individual passenger's personal information has or had any compensable value in the economy at large."); *Dwyer v. Am. Express Co.*, 210 Ill. Dec. 375, 273 Ill. App. 3d 742, 749 (1995) (finding name valueless apart from inclusion on list; "[d]efendants create value by categorizing and aggregating" names).

[5] (Doolin Decl., Ex. B at 3 (Steve Lohr, You Want My Personal Data?  Reward Me For It, N.Y. Times, July 17, 2010 at BU3), *available at* http://www.nytimes.com/2010/07/18/business/18unboxed.html (emphasis added)).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

MEMORANDUM OF Ps AND As ISO MOTION TO DISMISS
CASE NO. CV-12-00719 GHK

1  speculative to the plausible and should be rejected.[6]

2        **2.    Plaintiff's "benefit of the subscription" injury theory fails.**

3        As noted above, Plaintiff's FAC adds a single untenable legal theory for

4  economic injury; Plaintiff claims that "because Defendant did not provide legally

5  required privacy disclosures under § 1798.83(b)(1), Plaintiff and the Class did not

6  receive the full value of the services paid for."  (FAC, ¶68.)   This allegation,

7  however, contains no factual support.   As Judge Fischer held in *Boorstein I*:

8  "Plaintiff does not claim that Defendant promised compliance with § 1798.83 as

9  part of his subscription, nor does he claim that he reasonably expected that

10 Defendant would do so.   Absent either claim, there is no economic harm."  2012

11 WL 2152815, at * 4; *see Birdsong*, 590 F.3d at 961; *Animal Legal Def. Fund v.*

12 *Mendes*, 72 Cal. Rptr. 3d 553, 160 Cal. App. 4th 136, 146 (2008) (holding plaintiffs

13 failed to establish economic injury where they "[did] not allege any false or

14 misleading representations that could be said to have become part of the purchase

15 and sale agreement").   For the reasons stated in *Boorstein I*, the Court should find

16 Plaintiff's "benefit of the subscription" theory is insufficient to plead economic

17 injury.

18       **3.    Plaintiff's purported "informational injury" theory fails.**

19       As with his argument that the dilution of the value of his personal

20 information constitutes economic harm, Plaintiff persists in relying on the already-

21 rejected theory that Condé Nast's alleged failure to designate and disclose contact

22 information denied Plaintiff "statutorily-guaranteed rights."  (FAC, ¶66.) Plaintiff's

23 FAC adds a couple of lines of detail on what these "statutorily-guaranteed rights"

24 are, but his legal theory fails here for the same reasons it did the first time around.

25       The first reason Plaintiff's informational injury theory fails is because

---

[6] *Cf. also Folgelstrom*, 195 Cal. App. 4th at 994 ("Plaintiff did not create his address; rather, the address was assigned by a governmental authority . . . . None of the usual incidents of property ownership, such as the right to sell, mortgage, or transfer one's interest in property, adheres in an address.").

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

Plaintiff does not "claim 'that he requested information and was denied, nor that he would have requested information had he been provided with the proper contact information'.'" (Order at pp. 4-5 (quoting *Boorstein I*, 2012 WL 2152815, at *3).) As this Court previously recognized, Plaintiff's theory goes "'against established precedent requiring plaintiffs to request information to suffer an [informational] injury.'" (*Id.* at p. 5 (quoting *Boorstein I*, 2012 WL 2152815, at *3).)

The second basis that Plaintiff's informational injury claim fails is because, as this Court already held, the alleged deprivation of "contact information merely inflict[s] a procedural injury."

> As in [*Wilderness Society Inc. v. Rey*, 622 F.3d 1251 (9th Cir. 2010)] the alleged violations here do not inflict an informational injury by depriving Plaintiff of statutorily-required disclosures about how his personal information is used. Instead, it deprives the Plaintiff of Defendant's *contact information* – information meant to facilitate requests for such disclosures. *The STL law's requirements are not designed to ensure that consumers have access to contact information for its own sake*, and thus the failure to provide that information inflicts merely a procedural injury.

(Order at p. 5 (quoting *Boorstein*, 2012 WL 2152815, at *4) (emphasis added).)

The Court's prior conclusions are not only consistent with the case law regarding informational injury cited in the Court's Order (Order at pp. 4-5),[7] they

---

[7] Two other federal courts have come to the same conclusion. *See Murray v. Time Inc.*, No. C 12-00431 JSW, 2012 WL 3634387 (N.D. Cal. Aug. 24, 2012); *Boorstein I*, 2012 WL 2152815. Condé Nast notes the recent ruling in *Baxter v. Rodale, Inc.*, C.D. Cal. Case No. CV 12-00585 GAF (AGRx), Dkt. No. 42 (Aug. 29, 2012), does nothing to help Plaintiff here. In ruling that the plaintiff pled an informational injury sufficient to establish statutory and Article III standing, *Baxter* did not address the difference between a "procedural" and an "informational" injury. As this Court correctly concluded, allegations of a mere procedural injury are not sufficient. (Order at p. 5.) Indeed, the facts alleged in the FAC confirm the importance of the distinction between a procedural and informational injury. Here, Condé Nast's privacy policy disclosed that the Company had a policy of not sharing customer information with third parties if the customer opted-out of such sharing and told customers how to opt out of such sharing. (FAC, Ex. C at pp. 33, 38 ("If you do not wish to have your personally identifiable information shared with unaffiliated third parties, contact our Privacy Policy Coordinator as described at the end of this document. . . . Privacy Policy Coordinator[,] Conde Nast[,] 1313

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

1   are also consistent with California case law on standing.  As the California Court of

2   Appeal has recognized: "One who invokes the judicial process does not have

3   'standing' if he . . . has neither suffered nor is about to suffer any injury of

4   sufficient magnitude reasonably to assure that all of the relevant facts and issues

5   will be adequately presented." *Wolf v. CDS Devco*, 110 Cal. Rptr. 3d 850, 185 Cal.

6   App. 4th 903, 916 (2010) (citations and internal quotation marks omitted); *see*

7   *Birdsong*, 590 F.3d at 960-61 (holding plaintiffs who claimed Apple's iPods posed

8   unreasonable risk of hearing loss did not establish statutory standing under UCL in

9   part because plaintiffs "do not even claim that they used their iPods in a way that

10  exposed them to the alleged risk of hearing loss" and "do not claim that they, or

11  anyone else, have suffered or are substantially certain to suffer hearing loss from

12  using an iPod"); *Hall v. Time Inc.*, 70 Cal. Rptr. 3d 466, 158 Cal. App. 4th 847, 855

13  (2008) (holding that plaintiff, who alleged UCL violations for sending him a book

14  and then charging him for it after free trial period, did not have standing because he

15  "did not allege he did not want the book, the book was unsatisfactory, or the book

16  was worth less than what he paid for it").

17          Additionally, the Court's conclusions are consistent with STL's plain

18  language.  When reading STL as a whole, its plain language demonstrates that only

19  customers who make an inquiry under subsection (a) and receive a deficient

20  response may bring suit under the statute.  The STL remedies provision only

21  redresses injuries caused by "violations" of STL.  Cal. Civ. Code § 1798.84(b)

22  ("Any customer injured by a violation of this title may institute a civil action to

23  recover damages.").  Although STL does not expressly define the term "violation,"

24  a statutory affirmative defense confirms that a "violation" involves receiving a

25

26  Market Street[,] Wilmington, DE 19801[.]").)  Thus, the purported lack of a contact
    point on its website did not deprive Plaintiff of any information he was entitled to

27  under STL.  Additionally, *Baxter* does not undermine a significant issue this Court
    ruled on—<u>that a plaintiff who has failed to allege that he wanted STL information</u>

28  <u>cannot plead an informational injury.</u>

deficient response to a customer request:

> Unless the <u>violation</u> is willful, intentional, or reckless, a business that is alleged to have <u>not provided all the information required . . .</u>, to have <u>provided inaccurate information, failed to provide any of the information required . . .</u>, or <u>failed to provide information in the time period required</u> . . . , may assert as a complete defense in any action in law or equity that it thereafter provided regarding the information that was alleged to be <u>untimely, all the information, or accurate information</u>, to all customers who were provided <u>incomplete or inaccurate information</u>, respectively, within 90 days of the date the business knew that it had failed to provide <u>the information, timely information, all the information, or the accurate information</u>, respectively.

Cal. Civ. Code § 1798.84(d) (emphasis added).

Moreover, construing the terms "injury" and "violation" to mean anything other than receiving a deficient response to a customer request would lead to "absurd results." *Cf. Times Mirror Co. v. Superior Court*, 283 Cal. Rptr. 893, 53 Cal. 3d 1325, 1335 (1991); *accord Absher v. AutoZone, Inc.*, 78 Cal. Rptr. 3d 817, 164 Cal. App. 4th 332, 343 (2008) ("A statute open to more than one interpretation should be interpreted so as to avoid anomalous or absurd results." (citations and internal quotation marks omitted)). For instance, Plaintiff's FAC suggests that a business that lacks brick and mortar stores violates STL if it fails to inform customers about STL on its website. Yet, if STL is interpreted as Plaintiff suggests, a customer who made an inquiry and <u>received</u> a timely, complete, and accurate response would still be able to sue for a STL violation. That is nonsensical.

Thus, because the FAC—like the original complaint—does not allege Plaintiff made a STL request, looked at Condé Nast's privacy policy or spoke to Condé Nast's Privacy Policy Coordinator or anyone in its customer service department because he wanted to make a STL request, let alone that he wanted to utilize the rights he purports he is entitled to under STL and was prevented from doing so, and because a failure to provide contact information inflicts (at best) a "procedural injury," "Plaintiff's alleged informational injury fails to provide him

Cooley LLP
Attorneys At Law
San Diego

16.

Memorandum of Ps and As iso Motion to dismiss
Case No. CV-12-00719 GHK

with statutory standing." (Order at p. 5.)

### B. Plaintiff Fails to State a Claim Because He Failed to Allege Facts Regarding Each of Shine the Light's Elements.

In addition to failing to plead facts regarding statutory standing, Plaintiff failed to plead facts supporting each of the elements of a cause of action under STL. As such, this is an independent basis to dismiss Plaintiff's FAC.

#### 1. Plaintiff fails to state a claim because he alleged no facts demonstrating he was unable to opt-out of information sharing.

As noted above, if a company adopts and discloses in its online privacy policy of not sharing customer information if the customer opts-out of sharing, then "the business may comply with subdivision (a) by notifying the customer of his or her right to prevent disclosure of personal information, and providing the customer with a cost-free means to exercise that right." Cal. Civ. Code § 1798.83(c)(2). The plain language of (c)(2)'s opt-out option indicates that compliance with its terms is an alternative to compliance with subdivision (a)'s response requirement. *See* Cal. Civ. Code § 1798.83(a). And compliance with subdivision (b)'s notice requirement is only required if a company is required to comply with subdivision (a)'s response requirement. Cal. Civ. Code § 1798.83(b). Thus, in order to plead a violation, the plaintiff must plead facts regarding a lack of compliance with subdivisions (a), (b), and (c)(2). Plaintiff's Complaint, however, ignores subdivision (c)(2)'s opt-out option. Nowhere in his Complaint does Plaintiff plead—because he cannot—that Condé Nast does not provide an opt-out option. (*Cf.* FAC, Ex. C at pp. 33, 38 ("*If you do not wish to have your personally identifiable information shared with unaffiliated third parties, contact our Privacy Policy Coordinator as described at the end of this document. . . .* Privacy Policy Coordinator[,] Conde Nast[,] 1313 Market Street[,] Wilmington, DE 19801[.]" (emphasis added)).) As such, Plaintiff failed to plead facts supporting a finding that Conde Nast violated STL.

Cooley LLP
Attorneys At Law
San Diego

17.

MEMORANDUM OF Ps AND As iso MOTION TO
dismiss
CASE NO. CV-12-00719 GHK

**2.     Plaintiff fails to state a claim because he has not alleged facts demonstrating that Condé Nast failed to provide contact information to Plaintiff.**

Assuming *arguendo* that Plaintiff's interpretation of STL is correct and that compliance with subdivision (c)(2)'s opt-out option is not an alternative to compliance with subdivision (a)'s response requirement, Plaintiff still cannot state a claim.  This is because he has not alleged any well-pled facts demonstrating that Condé Nast did not comply with the "employee training" notice option provided by the statute.  *See* Cal. Civ. Code § 1798.83(b)(1)(A).  Plaintiff alleges that "[o]n information and belief, Condé Nast, as a primarily Internet based organization, has not complied with § 1798.83(b)(1)(A) . . . ." (FAC, at ¶59.)  The FAC, however, contains no facts to support this allegation.  *See United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986) ("[T]he court . . . need not assume the truth of legal conclusions cast in the form of factual allegations." (citation omitted)).  As such, Plaintiff's conclusory allegations "on information and belief" should be rejected because he failed to provide any facts supporting his belief that Condé Nast does not notify its agents and managers pursuant to subdivision (b)(1)(A).  *See Iqbal*, 556 U.S. at 680-81 (conclusory allegations defendants "knew of, condoned, and willfully and maliciously agreed to" alleged misconduct not entitled to "presumption of truth").[8]  Because Plaintiff has not pled facts regarding all three of the alternative mechanisms for providing contact information under STL, his FAC fails to state a claim.

---

[8]  While Plaintiff's failure to plead facts sufficient to demonstrate lack of compliance with subdivision (b)(1)(A)'s Employee Training notice option is fatal to his FAC, also undermining his FAC is the fact that there is no support for his assertion that "Conde Nast does not conduct business through 'brick and mortar' stores in California and therefore cannot and has not complied with the notice option set forth in § 1798.83(b)(1)(C)."  (FAC, ¶60 (discussing the Place of Business notice option).)  Moreover, as Exhibit C to the FAC demonstrates, Condé Nast disclosed an address that customers could write to and disclosed that customers could opt-out of information sharing.  (FAC, Ex. C at pp. 33, 38.)  Thus, Plaintiff failed to plead lack of compliance with subdivision (b)(1)(B)'s Website Publication notice option.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

18.

MEMORANDUM OF Ps AND As ISO MOTION TO DISMISS
CASE NO. CV-12-00719 GHK

1

2

**3.      Plaintiff failed to state a claim for a Shine the Light violation because he has not alleged facts supporting the element of damage nor the element of causation.**

3

4

5

6

7

Even if the Court concludes that Plaintiff has standing to sue for a violation of STL, his claim should be dismissed because he failed to allege any damage caused by a STL violation.  *See* Cal. Civ. Code § 1798.84(b) ("Any customer injured by a violation of this title may institute a civil action to recover <u>damages</u>." (emphasis added)).

8

9

10

11

12

13

California courts have defined "damage" in the consumer protection context to mean a "tangible increased cost or burden."  *Meyer v. Sprint Spectrum L.P.*, 88 Cal. Rptr. 3d 859, 45 Cal. 4th 634, 643 (2009) (concluding that plaintiff could not sue under Consumer Legal Remedies Act where the alleged unlawful practice had not "resulted in some kind of tangible increased cost or burden to the consumer" (footnote omitted)).

14

15

16

17

18

19

20

21

Plaintiff has not alleged his failure to receive STL disclosures imposed a "tangible increased cost or burden" related to the alleged violation.  Instead, Plaintiff's flawed damages theory is that Condé Nast's alleged violation diluted the "value" of his personal information, impeded his right to "sell" that information to third parties, or precluded him from receiving the benefit of his subscription.  As discussed above, these arguments are contrary to established case law.  (*See supra* Section V.A.1-2 (*citing, e.g.*, *LaCourt*, 2011 WL 2473399, at *4-5 and *Boorstein I*, 2012 WL 2152815, at *4).)

22

23

24

25

26

27

Moreover, as the Court has already held, STL does not prevent, limit, or even regulate a business's disclosure of personal information.  (Order at p. 3); (*see* Def's RJN, Ex. A at 10 ("Nothing in this act is intended to impose . . . any prohibition . . . upon . . . a business disclosing or exchanging personal information to third parties . . . for . . . direct marketing purposes.")).  As such, Plaintiff failed to plead facts causally linking the damages he allegedly suffered to Condé Nast's conduct.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

19.

MEMORANDUM OF PS AND AS ISO MOTION TO DISMISS
CASE NO. CV-12-00719 GHK

### C.     Plaintiff's Unfair Competition Claim Must Be Dismissed.

Plaintiff's failure to plead a STL claim mandates dismissal of his UCL claim because that claim depends on an underlying STL violation.  Plaintiff also lacks standing to sue for UCL violations because he has not pled that he lost money or property as a result of the allegedly unlawful conduct.  Courts resoundingly and recently have rejected the argument that personal information is a plaintiff's "property."  Plaintiff's allegations fare no better here.

#### 1.     Plaintiff lacks standing under the UCL because he has not pled injury in fact or lost money or property.

Like the UCL claim in Plaintiff's original complaint, Plaintiff's UCL claim in the FAC fails for lack of standing.  (*See* Order at p. 6 ("Plaintiff has failed to allege that he suffered an economic injury as a result of any such violation.  Accordingly, his UCL claim fails for lack of standing.").)  To satisfy the UCL's standing requirements, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as an injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice." (*Id.* (quoting *Kwikset Corp. v. Superior Court*, 120 Cal. Rptr. 3d 741, 51 Cal. 4th 310, 322 (2011) (italics in original)).)  Economic injury requires a plaintiff to allege and prove "an identifiable monetary or property injury," *Kwikset*, 51 Cal. 4th at 325, that is "eligible for restitution," *Walker v. GEICO Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009) (citation and internal quotation marks omitted).

As before, Plaintiff lacks standing under the UCL for several reasons.  To the extent Plaintiff claims he is entitled to information prepared by Condé Nast describing certain aspects of Condé Nast's information-sharing practices, that information is not "lost money or property" in which Plaintiff has a restitutionary interest.

Moreover, Plaintiff lacks standing because numerous courts conclude

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

20.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

personal information is not "lost money or property" under the UCL.  *See, e.g.*, *In re Google Inc. St. View Elec. Commc'ns Litig.*, 794 F. Supp. 2d 1067, 1086 (N.D. Cal. 2011) (data packets not "lost property for purposes of determining Proposition 64 standing"); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011) ("[P]ersonal information does not constitute property for purposes of a UCL claim." (citation omitted)); *Thompson v. Home Depot, Inc.*, No. 07cv1058 IEG (WMc), 2007 WL 2746603, at *3 (S.D. Cal. Sept. 18, 2007) (rejecting argument that personal information, including telephone number, constituted property under UCL and dismissing claim); *Folgelstrom*, 195 Cal. App. 4th at 994 (personal information not property under UCL).[9]

Further, Plaintiff's argument fails because his allegations of an opportunity to sell his information to third parties is a conjectural, speculative future possibility of an injury and not an "actual or imminent" harm to the value of his personal property.  This is insufficient to establish standing under the UCL.  *See Kwikset*, 51 Cal. 4th at 322; *see also Troyk v. Farmers Grp., Inc.*, 90 Cal. Rptr. 3d 589, 171 Cal. App. 4th 1305, 1346 (2009) (noting that in Proposition 64, the "injury in fact" requirement referred specifically to the standing requirements of the U.S. Constitution, which include "actual or imminent, not 'conjectural' or 'hypothetical'" injury (quoting *Lujan*, 504 U.S. at 560)).

Finally, to the extent Plaintiff claims any "restitutionary interest" in profits or monies allegedly obtained by Condé Nast by selling personal information, that argument fails as a matter of law.  Because STL does not prevent Condé Nast from

---

[9] Non-California courts similarly conclude that release of personal information is not a loss of "property" and personal information has no compensable value.  *See Amburgy v. Express Scripts Inc.*, 671 F. Supp. 2d 1046, 1057-58 (E.D. Mo. 2009) (holding allegations defendant released plaintiff's Social Security number, date of birth, and prescription medicine information did not allege violation of Missouri's unfair practices law as it was not a loss of property); *JetBlue*, 379 F. Supp. 2d at 327 ("There is . . . no support for the proposition that an individual['s] personal information has or had any compensable value in the economy at large.").

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

21.

**MEMORANDUM OF Ps AND As iso MOTION TO DISMISS
CASE NO. CV-12-00719 GHK**

sharing customer information with third parties, any profits Condé Nast obtained by such disclosures were not obtained as a result of allegedly unlawful conduct. Additionally, as described, because Plaintiff's personal information has no legally-recognized monetary value, he has no financial restitutionary interest in that information.  Further, "[n]one of the usual incidents of property ownership, such as the right to sell, mortgage, or transfer one's interest in property, adheres in an address" or other forms of personal information.  *Folgelstrom*, 195 Cal. App. 4th at 994.  Absent an ownership interest, Plaintiff cannot seek restitution based on an alleged sale of that information.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 131 Cal. Rptr. 2d 29, 29 Cal. 4th 1134, 1152 (2003) (nonrestitutionary disgorgement not remedy under the UCL).

> ### 2.    Plaintiff has not pled unlawful, unfair or fraudulent conduct.

To plead a UCL claim, Plaintiff must allege an "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Plaintiff does not allege any unfair or fraudulent conduct; his UCL claim hinges on the STL violation.  Because he has not pled a STL violation, his UCL claim fails.  *See Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010) ("[T]o the extent Plaintiff asserts an UCL claim based on a violation of other law, his complaint fails to state a claim for a violation of law.  Accordingly, to the extent the UCL claim is predicated on the violation of other law, it is insufficiently pled.").

## VI.   PLAINTIFF'S LACK OF INJURY ALSO ELIMINATES ARTICLE III STANDING.[10]

Plaintiff's failure to plead injury likewise eliminates his Article III standing.  As described, Plaintiff lacks statutory standing under both STL and UCL.  The Supreme Court has acknowledged that a court may rule on and dismiss a claim for

---

[10] It is permissible to move to dismiss for lack of Article III standing following removal.  *Lerner v. Sartori*, No. 98-1989-PHK-EHC, 1999 WL 730366, at *2-3 (D. Ariz. Mar. 25, 1999).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

22.

MEMORANDUM OF PS AND AS ISO MOTION TO DISMISS
CASE NO. CV-12-00719 GHK

1   lack of statutory standing without evaluating whether a plaintiff has Article III

2   standing.   *Steel*, 523 U.S. at 97 n.2 (approving resolution of statutory standing

3   before Article III standing); *id.* at 115-17 (Stevens, J., concurring) (citing cases

4   resolving other standing issues before Article III standing); Hon. David Hittner, *et

5   al.*, Federal Civil Procedure Before Trial, Ch. 2 § 4117 (5th ed. The Rutter Group)

6   (citing  *Potter v. Hughes*, 546 F.3d 1051, 1055 (9th Cir. 2008) for rule that: "To

7   avoid unnecessary constitutional issues, courts may consider statutory standing

8   *before* considering Article III standing requirements." (emphasis in original)).

9   Nevertheless, Condé Nast recognizes that the same problems that defeat Plaintiff's

10  claims likewise defeat his standing under Article III.

11      To establish Article III standing to maintain an action in federal court, a

12  plaintiff bears the burden of alleging facts sufficient to establish that "(1) [the

13  plaintiff] has suffered an 'injury in fact' that is (a) concrete and particularized and

14  (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly

15  traceable to the challenged action of the defendant; and (3) it is likely, as opposed

16  to merely speculative, that the injury will be redressed by a favorable decision."

17  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 120 S. Ct. 693, 145

18  L. Ed. 2d 610, 528 U.S. 167, 180-81 (2000) (citation omitted).  The alleged injury-

19  in-fact must be "concrete in both a qualitative and temporal sense."  *Whitmore v.

20  Arkansas*, 110 S. Ct. 1717, 109 L. Ed. 2d 135, 495 U.S. 149, 155 (1990).

21      Under these authorities, plaintiffs must "allege an injury to [themselves] that

22  is distinct and palpable as opposed to merely [a]bstract, and the alleged harm must

23  be actual or imminent, not conjectural or hypothetical."  *Id.* (citations and internal

24  quotation marks omitted).   In a putative class action, the named plaintiff must

25  establish that he personally has standing to bring the cause of action.  If not, he may

26  not seek such relief on behalf of the class. *See Lewis v. Casey*, 116 S. Ct. 2174, 135

27  L. Ed. 2d 606, 518 U.S. 343, 357 (1996) ("[E]ven named plaintiffs who represent a

28  class must allege and show that they personally have been injured, not that injury

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

23.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

1   has been suffered by other, unidentified members of the class to which they belong
2   and which they purport to represent." (citations and internal quotation marks
3   omitted)).

4       Here, Plaintiff does not allege any injury that would confer Article III
5   standing.  First, Plaintiff does not allege that he ever made a request or wanted to
6   make a request to Condé Nast for STL disclosures.  He has not, therefore, suffered
7   any injury traceable to an alleged violation of the statute.

8       Second, Plaintiff has not established that the injury he complains of
9   constitutes injury-in-fact for Article III purposes.  The Complaint includes only the
10  most conclusory allegations regarding Plaintiff's loss of money or property,
11  alleging that "Condé Nast[] . . . diluted the value of Plaintiff's personal
12  information[,] . . . deprived [him] of the opportunity to sell his personal information
13  for [his own] financial gain[,]" and "because Defendant did not provide legally
14  required privacy disclosures under § 1798.83(b)(1), Plaintiff and the Class did not
15  receive the full value of the services paid for."  (FAC, at ¶¶67-68.)  Plaintiff does
16  not make any specific allegations about his injury, such as:

17  • What his specific personal property is and what its value was prior to the
18      alleged violation;

19  • What his personal property's "diluted" value is now and how Condé Nast's
20      alleged failure to provide appropriate information on the Internet caused that
21      dilution;

22  • What opportunities had existed for him to sell personal information and how
23      Condé Nast's actions prevented him from doing so; or

24  • That Plaintiff subscribed to WIRED magazine in reliance on Condé Nast's
25      promise to comply with STL and how much of the price of the subscription is
26      attributable to that promise.

27      Mere assertions of abstract, theoretical injury are insufficient and should be
28  rejected.  *See LaCourt*, 2011 WL 2473399, at *3-6 (dismissing complaint for lack

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

24.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK

of Article III standing where plaintiff's allegations of a privacy violation did not establish any "particularized example" of harm to individual plaintiff); *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *5 (dismissing case for lack of Article III standing and reasoning that "Plaintiffs have stated general allegations about the Mobile Industry Defendants, the market for apps, and similar abstract concepts (e.g., lost opportunity costs, value-for-value exchanges), but Plaintiffs have not identified an actual injury to themselves sufficient for Article III standing"). Additionally, STL does not permit damages, statutory penalties, or injunctive relief absent injury. *See* Cal. Civ. Code § 1798.84(b) ("Any customer injured by a violation of this title may institute a civil action to recover damages."); *Boorstein II*, 2012 WL 3791701, at *1. Plaintiff cannot therefore rely on a pure violation to request damages and maintain Article III standing.

## VII. CONCLUSION.

Condé Nast respectfully requests that the Court dismiss Plaintiff's FAC for failing to cure the deficiencies identified in the Court's Order dismissing the original Complaint. Alternatively, Plaintiff's FAC should be dismissed under Rule 12(b)(6) because Plaintiff has failed to state a claim, and under Rule 12(b)(1) because he lacks Article III standing.[11]

Dated:  Sept. 10, 2012                              COOLEY LLP
                                                    MICHAEL G. RHODES (116127)
                                                    MICHELLE C. DOOLIN (179445)
                                                    DARCIE A. TILLY (239715)
                                                    ERIN E. GOODSELL (262967)

                                                    **/s/Michelle C. Doolin**
                                                    Michelle C. Doolin
                                                    Email: doolinmc@cooley.com
                                                    Attorneys for Defendant
                                                    CONDÉ NAST PUBLICATIONS

---

[11] The Court may dismiss the action under Fed. R. Civ. P. 12(b)(1) instead of remand under 28 U.S.C. § 1447(c) because remand would be futile. *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

25.

MEMORANDUM OF PS AND AS ISO MOTION TO
DISMISS
CASE NO. CV-12-00719 GHK