UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN KING, individually and on behalf of all others similarly situated,

       Plaintiff - Appellant,

v.

CONDE NAST PUBLICATIONS, a Delaware corporation,

       Defendant - Appellee.

No. 12-57209

D.C. No. 2:12-cv-00719-GHK-E
U.S. District Court for Central California, Los Angeles

**MANDATE**



RECEIVED
CLERK, U.S. DISTRICT COURT

3/13/14

CENTRAL DISTRICT OF CALIFORNIA
BY: ____MAT____ DEPUTY

      The judgment of this Court, entered February 18, 2014, takes effect this date.

      This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                              FOR THE COURT:
                              Molly C. Dwyer
                              Clerk of Court

                              Jessica F. Flores
                              Deputy Clerk

FILED

**NOT FOR PUBLICATION**

FEB 18 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN KING, individually and on behalf of all others similarly situated,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>CONDE NAST PUBLICATIONS, a Delaware corporation,<br><br>          Defendant - Appellee. | No. 12-57209<br><br>D.C. No. 2:12-cv-00719-GHK-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Submitted February 12, 2014[**]
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

Brian King filed a purported class action against Conde Nast Publications

under California's "Shine the Light" (STL) law, Cal. Civ. Code §§ 1798.83-

---

      [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1798.84, and Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200-17210. He appeals the district court's dismissal of his claims for lack of statutory standing.

1.  Section 1798.83(a) of the STL law requires businesses, which disclose customers' personal information to third parties for direct marketing purposes, to respond to a customer's request to learn the identity of the third parties and the types of personal information revealed to them. Cal. Civ. Code § 1798.83(a). To facilitate these customer requests, a business must adopt at least one of three methods to provide customers with necessary contact information for making requests. *See id.* § 1798.83(b)(1)(A) (notify customer service employees), (b)(1)(B) (update website), (b)(1)(C) (post physical notices at place of business). Alternatively, a business is excused from section § 1798.83(a)'s requirement to respond to customer requests, if it adopts a privacy policy which informs customers of their right to prevent disclosure of their personal information and provides a cost-free means to do so or evinces a policy of not disclosing customers' personal information to third parties for direct marketing purposes. *Id.* § 1798.83(c)(2).

The STL law provides three statutory remedies: (1) "Any customer injured by a violation of [the STL law] may institute a civil action to recover damages," *id.*

§ 1798.84(b); (2) "In addition, for a willful, intentional, or reckless violation of Section 1798.83, a customer may recover a civil penalty. . . . ," *id.* § 1798.84(c); and (3) "Any business that violates, proposes to violate, or has violated this title may be enjoined," *id.* § 1798.84(e).

The California Court of Appeal recently interpreted these provisions and concluded that "a plaintiff must have suffered a statutory injury to have standing to pursue a cause of action under the STL, regardless of the remedies he or she seeks." *Boorstein v. CBS Interactive, Inc.*, 165 Cal. Rptr. 3d 669, 675 (Cal. Ct. App. 2013). To plead a sufficient statutory injury, "a plaintiff must have made, or attempted to make, a disclosure request in order to have standing under the STL." *Id.* at 673.

This "court is obligated to follow the decisions of [a] state's intermediate appellate courts" when "there is no convincing evidence that the state supreme court would decide differently." *Ryman v. Sears, Roebuck and Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (internal quotation marks omitted). Because King has failed to allege that he submitted a request to Conde Nast under the STL law, or that he would have, had accurate contact information been provided, he lacks standing to sue under the STL law.

2.      "The UCL provides that to pursue a claim for relief under the statute, an individual must have 'suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition.'" *Boorstein*, 165 Cal. Rptr. 3d at 681 (quoting Cal. Bus. & Prof. Code § 17204). King has failed to allege an injury in fact, because (1) California does not recognize informational injury, *id.* at 680;[1] and (2) Conde Nast's compliance with the STL law was not a "benefit of the bargain" when he subscribed to *WIRED* magazine, *Animal Legal Def. Fund v. Mendes*, 72 Cal. Rptr. 3d 553, 560 (Cal. Ct. App. 2008).

The district court's dismissal for lack of statutory standing is **AFFIRMED**.[2]

---

[1] Even if California did recognize informational injury, King has failed to sufficiently allege an informational injury. King's mere allegation that Conde Nast failed to provide contact information does not pertain to the STL's primary purpose. *See Wilderness Soc., Inc. v. Rey*, 622 F.3d 1251, 1259-60 (9th Cir. 2010); *Boorstein*, 165 Cal. Rptr. 3d at 674 (The STL's purpose is to "provide consumers with information on how their information is being shared by businesses.").

[2] King's motion to stay proceedings pending review of *Boorstein v. CBS Interactive*, 165 Cal. Rptr. 3d 669, by the California Supreme Court is **DENIED**. Boorstein has only requested review by the California Supreme Court.